DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Duane D. Johnson has appealed from his conviction in the Akron Municipal Court of criminal trespass, a violation of Section 131.08(B)(1) of the Akron City Code. He has argued that his conviction: (1) was based on insufficient evidence; and (2) was against the manifest weight of the evidence. This Court affirms his conviction because: (1) the evidence, if believed, would have convinced the average mind of his guilt beyond a reasonable doubt; and (2) the jury did not clearly lose its way and create such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 I.
On March 2, 1997, defendant was arrested outside a bar on West Market Street in Akron, Ohio. According to Jennifer Burch, a customer at the bar that night, defendant had approached her, pushed her against a wall, and raised his hand, preparing to strike her. Defendant allegedly said, "You're that bitch that tried to start stuff with that waitress girl." Ms. Burch testified that, on a previous occasion, defendant had followed her around in the bar and she had told a waitress that he was making her uncomfortable. According to Ms. Burch, other customers forced him out of the bar and several bouncers from the bar told him not to come back. Approximately 20 minutes later, Ms. Burch saw defendant back in the bar.
Anthony Polito, the owner of the bar, stated that he first saw defendant across the room, approximately 25 feet away, and noticed that defendant was grabbing for something. Customers grabbed defendant's arm and shoved him out of the bar. Mr. Polito walked over to investigate the commotion. He testified that defendant was outside the bar "screaming and flailing" and demanding that the police be called. Mr. Polito told defendant that he was no longer welcome inside his establishment, but defendant attempted to enter. According to Mr. Polito, as he held the door to prevent defendant from entering, defendant put his foot inside the doorway.
Defendant's version of the events of that night was quite different. According to him, he had been a regular customer of the bar and had spent most weekends there. That night, he went downstairs to hear a band perform, but was told that the basement was closed. As he turned around to walk back up the stairs, he was confronted by Matt Anderson, who was standing next to Ms. Burch. Mr. Anderson asked him if he was a concert promoter. Defendant responded that he was not. Mr. Anderson then allegedly asked where he could purchase heroin. Defendant told him that heroin was illegal. According to defendant, Mr. Anderson then grabbed him by the shoulders and pushed him outside, striking him in the process. Frank McGuire, another customer of the bar, then allegedly threatened defendant and struck him with a cane, breaking it into several pieces. According to defendant, he suffered a concussion from that attack. Mr. Polito then came outside, but refused defendant's request to call the police to report the attack. He told defendant that he should just go home.
The police arrived and arrested defendant. An officer checked defendant quickly and concluded that he was not seriously injured, but still offered to call paramedics. Defendant refused that offer. Defendant was charged with criminal trespass, a violation of the Akron City Code. On May 7, 1997, a jury found defendant guilty. He timely appealed to this Court.
 II. A.
Defendant's first assignment of error is that his conviction was based on insufficient evidence. He has argued that the City of Akron failed to prove that he knowingly was on the premises of the bar after he was told to leave. As such, he did not know that he was trespassing.
To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Defendant was convicted of criminal trespass pursuant to Section 131.08(B)(1) of the Akron City Code, which provides that no person, without privilege to do so, shall knowingly enter or remain on the land or premises of another.
Ms. Burch testified that, after defendant was first forced to leave the bar, he was told by the bouncers not to return. Yet, according to her testimony, he was back in the bar approximately 20 minutes later. In addition, Mr. Polito testified that, after he had told defendant that he was not welcome in the bar again, and after he tried to hold the door so that defendant could not enter, defendant put his foot inside the doorway. According to the trial transcript:
Q: Did he ever enter within those double doors?
 A: He had the door open, and his foot was inside the doorway. And, I backed him up.
Q: How did he open the door?
 A: Well, I was, I had my hand on the door, and he pulled it open.
 Q: Okay. And was this after you had communicated that he was no longer welcome?
A: Absolutely.
A rational trier of fact could have found that defendant knew he was not permitted to return to the bar but nonetheless re-entered it. Defendant's first assignment of error is overruled.
 B.
Defendant's second assignment of error is that his conviction was against the manifest weight of the evidence. He has argued that the prosecutor's witnesses were "biased, inconsistent and unreliable." According to him, the stories told by Ms. Burch and Mr. Polito were different. Defendant has also asserted that they were unable to specifically identify the customers who forced him from the premises that night, while he, on the other hand, provided specific names and presented a more believable version of the events.
To determine whether a conviction is against the manifest weight of the evidence:
 [A]n appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340; see, also, Statev. Thompkins (1997), 78 Ohio St.3d 380, 387. Ms. Burch stated that, about 20 minutes after defendant was forced from the bar and told by the bouncers that he was not to return, she saw him inside again. Mr. Polito stated that, after telling defendant that he was no longer welcome inside his establishment, he put his foot back inside the bar. Accordingly, the jury had before it evidence of at least one, and perhaps two, incidents in which defendant was specifically told not to return by persons who apparently had authority to restrict his access, namely, bouncers and the owner, yet he still re-entered the bar.
Defendant testified that he was forced out of the bar only once. He claimed that, outside, Mr. McGuire struck him with a cane, causing a concussion. Yet, an arresting officer testified that defendant did not appear to be injured and refused an offer to call paramedics. Defendant was examined at the jail and was found not to be seriously injured. A nurse observed a bump behind his left ear, but her report indicated that he had told her that he received that injury during his arrest. Defendant was not diagnosed with a concussion until two days following his release from jail.
Nearly each fact presented by one side was disputed by the other. The defendant's version, however, was not so overwhelmingly persuasive that the jury clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. Defendant's second assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Akron Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 Exceptions. _________________________________ CLAIR E. DICKINSON, FOR THE COURT
QUILLIN, P.J.
BAIRD, J., CONCUR